**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1636-17T3

KEVIN D. KELLY,

      Plaintiff-Appellant,

v.

DEBORAH E. KELLY,

      Defendant-Respondent.

_____

> Argued March 4, 2019 – Decided March 21, 2019
>
> Before Judges Fasciale and Rose.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-19-0578-10.
>
> Kevin D. Kelly, appellant, argued the cause pro se.
>
> Deborah E. Kelly, respondent, argued the cause pro se.

PER CURIAM

    Pro se plaintiff appeals from an October 27, 2017 order reinstating the pleadings, confirming an arbitration award, and entering a final judgment of

divorce. Judge Maritza Berdote Byrne entered the order and attached a thirteen-page written statement of reasons.

On appeal, plaintiff raises the following arguments:

POINT [I]

THESE ARBITRATION PROCEEDINGS VIOLATED THE UNIFORM ARBITRATION AWARD ACT OF 2003 (ACT).

A. N.J.S.A. 2A:23B-23(a)(5).

B. N.J.S.A. 2A:23B-23(a)(1).

C. N.J.S.A. 2A:23B-23(a)(2).

POINT [II]

THESE ARBITRATION PROCEEDINGS VIOLATED THE [RULES OF PROFESSIONAL CONDUCT] AND CASE LAW REQUIREMENTS.

A. The Arbitrator Created Disqualifying Conflicts of Interest By Litigating Against the Plaintiff and Placing His Interests Above the Interests of the Parties.

B. The Arbitrator Failed in His Duty to Properly Advise the Parties With Respect To the Financial Costs of This Arbitration.

C. The Arbitrator Unethically and Impermissibly Withheld His Services To the Detriment of the Parties and Proceedings.

2

POINT [III]

THIS ARBITRATION PROCEEDING VIOLATES PUBLIC POLICY AND THE AWARD MUST BE VACATED.

POINT [IV]

THE ARBITRATION DECISION AND AWARD CONTAIN[S] STATUTORY VIOLATIONS AND ERRORS SUBJECT TO MODIFICATION AND/OR CORRECTION PURSUANT TO N.J.S.A. 2A:23B-20 AND VACATION PURSUANT TO N.J.S.A. 2A:23B-23(a)(3) [AND] (4).

[A]. FORMER MARITAL PREMISES.

[B]. TOWNHOUSE.

[C]. MEDICAL INSURANCE.

[D]. SEP/IRA.

[E]. LIFE INSURANCE.

[F]. COLLEGE EXPENSES.

[G]. ALIMONY.

[1]. VIOLATION OF N.J.S.A. 2A:34-23(c).

[2]. FAILURE TO IMPUTE INCOME.

[3]. FAILURE TO ALLOW ALIMONY TAX CREDIT PER ESTABLISHED LAW.

[H]. CHILD SUPPORT.

[I]. COUNSEL FEES.

POINT [V]

A PLENARY HEARING IS NECESSARY TO RESOLVE DISPUTED FACTS IN THIS MATTER.

POINT [VI]

DISCOVERY IS NECESSARY IN THESE PROCEEDINGS.

POINT [VII]

THE ARBITRATION IS INCOMPLETE.

POINT [VIII]

THIS ARBITRATION AGREEMENT IS UNCONSCIONABLE AND UNENFORCEABLE.

POINT [IX]

THE TRIAL [JUDGE] SHOULD HAVE GRANTED THE PLAINTIFF'S MOTION TO DISQUALIFY.

We conclude that plaintiff's contentions are without sufficient merit to warrant attention in this opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the comprehensive reasons expressed by Judge Byrne.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1636-17T3